SUÁREZ ET AL., DEMANDANTES Y APELADOS, *v.* ASAMBLEA MUNICIPAL DE CAROLINA, DEMANDADA Y APELANTE.

No. 3119.—*Visto:* Enero 24, 1924. *Resuelto:* Mayo 31, 1924.

ASAMBLEAS MUNICIPALES—EXPULSIÓN DE MIEMBROS DE LAS ASAMBLEAS MUNICIPALES.—Las asambleas municipales no están facultadas para expulsar a sus miembros.

RESOLUCIÓN de *M. Rodríguez Serra,* J. (San Juan, Distrito Segundo), declarando con lugar petición de *certiorari* y anulando las ordenanzas impugnadas. *Confirmada.*

*J. B. Soto,* abogado de la apelante; *R. Rivera Zayas,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La Asamblea Municipal de la Carolina en esta Isla está compuesta por nueve delegados según la ley y estando todos presentes en la sesión que celebró en 19 de octubre de 1923 acordó por cinco votos la expulsión de dos de sus miembros, Mariano Suárez y Fernando Rodríguez, por el fundamento de que habían hecho manifestaciones desdorosas, difamatorias e impropias contra la asamblea y porque sin motivo justificado se han opuesto a los acuerdos de la asamblea que benefician los intereses de la comunidad.

Los dos delegados expulsados acudieron entonces ante la Corte de Distrito de San Juan, Segundo Distrito, contra ese acuerdo, por medio del procedimiento de *certiorari* autorizado por el artículo 65 de la Ley Municipal vigente, para que fuese anulado, y habiendo sido favorable a los peticionarios

la resolución final, la asamblea municipal interpuso este recurso de apelación.

La cuestión que ha sido discutida en esta apelación es si las asambleas municipales están facultadas para expulsar a sus miembros, sosteniendo la apelante que por no haber en la Ley Municipal precepto alguno que autorice ni limite tal facultad las asambleas municipales la tienen por ser inherente a ellas de acuerdo con el derecho común, y cita algunas decisiones de tribunales que así lo han declarado fundándose en el derecho común de Inglaterra.

Planteada así la cuestión lo primero que hemos de determinar es si hay alguna disposición en la Ley Municipal que conceda tal facultad o que la limite.

Examinada dicha ley no encontramos precepto alguno que expresamente conceda tal poder a las asambleas municipales, pero como en el artículo 26 se enumeran las facultades que se confieren a las asambleas municipales y en ninguna de ellas se consigna la de expulsar alguno de los miembros que la componen, aunque el legislador las autorizó para separar de sus cargos por justa causa a los miembros del concejo de administración, y como por ser las asambleas municipales creación de la Legislatura no tienen otras facultades que las que expresamente le han sido conferidas, llegamos a la conclusión de que habiendo la Legislatura consignado expresamente las facultades que les dió, tal artículo es una limitación de sus poderes de acuerdo con el principio de derecho *inclusio unius est exclusio alterius* y que por tanto no tienen autoridad para expulsar a sus miembros. Además, dicha ley en sus artículos 16, 19 y 20 especifica los casos en que las asambleas municipales pueden declarar vacantes los cargos de los delegados a las asambleas municipales, o sea, por no presentarse a tomar posesión de su cargo, por persistir en ausentarse de las asambleas cuando no hay *quorum* y por estar ausentes de ellas durante un período de sesiones sin causa justificada, y como una expulsión produce necesariamente una vacante, y como la ley ha regulado

los casos en que pueden declararse vacantes esos cargos
opinamos que tales artículos son otra limitación a la facul-
tad de las asambleas para producir vacantes y por tanto
que no están autorizadas para expulsar a sus miembros.
Como hemos visto, la Legislatura autoriza a las asambleas
municipales para separar a los miembros del concejo de ad-
ministración y para declarar vacantes los cargos de los de-
legados a las asambleas municipales en ciertos casos pero
no las autoriza para expulsarlos, quizás porque siendo esos
cargos de elección popular sólo quiso que fueran declarados
vacantes por la voluntad de los delegados deducida de su
conducta en los casos previstos por la ley pero no por otro
motivo, y también por lo peligroso que sería poner en ma-
nos de la mayoría de las asambleas la expulsión de los de-
legados que fueran contrarios a sus planes o ideas políticas.

Como la Asamblea Municipal de la Carolina no tenía facul-
tad para expulsar de su seno a los peticionarios por no ha-
berle sido conferida esa facultad expresamente y por estar
limitadas sus atribuciones a las que le confirió la ley que
la creó, no se hace necesario decidir si tiene tal poder in-
herente de acuerdo con el derecho común de Inglaterra,
tanto más cuanto que ese poder inherente derivado de ese
derecho común ha sido rechazado en algunos estados de la
Unión según puede verse en el caso de *Attorney General ex
rel. Allen H. Cole et al.* v. *Frank B. Stratton et al.*, 9 L.R.A.
N.S. 572.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Sr. Franco Soto no intervino en la re-
solución de este caso.